UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY a/s/o BLI INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> BLI INTERNATIONAL, INC. d/b/a ALLEGIANT HEALTH <br><br> Intervenor Plaintiff, <br><br> -against- <br><br> JAJAY MOTO, INC. and MA KAM FUNG, <br><br> Defendants. | 1:21-cv-04878 (JLR) <br><br> **ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On January 6, 2023, Plaintiff and Intervenor-Plaintiff filed default judgment motions. *See* ECF Nos. 73, 75. On January 26, 2023, counsel for Defendants filed a notice of appearance. *See* ECF No. 78. On January 30, 2023, Defendants filed a letter stating that they contacted Plaintiff and Intervenor-Plaintiff about proceeding with this litigation, and that Plaintiff and Intervenor-Plaintiff have consented to withdraw their motions for default judgment. *See* ECF No. 79. Defendants further request that the Court adjourn the default judgment hearing scheduled for February 16, 2023. *See id*.

  Accordingly, in light of Defendants' appearance in this action and the representation that Plaintiff and Intervenor-Plaintiff consent to withdrawal of their motions, IT IS HEREBY ORDERED that the default judgment motions at ECF Nos. 75 and 73 are DENIED as moot.

  IT IS FURTHER ORDERED that the February 16, 2023 default judgment motion hearing is adjourned.

  IT IS FURTHER ORDERED that counsel for all parties shall appear for a case management conference on **February 23, 2023** at **11:00 a.m.** in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.

  **All counsel must familiarize themselves with the Court's Individual Rules, which are available at https://www.nysd.uscourts.gov/hon-jennifer-l-rochon.** All parties are required to register promptly as filing users on ECF.

  Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Paragraph 2.D of the Court's Individual Rules and

Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **seven calendar days before the conference date**.  The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at **https://www.nysd.uscourts.gov/hon-jennifer-l-rochon**.

The joint letter shall not exceed three (3) pages, and shall provide the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2) A brief explanation of why jurisdiction and venue lie in this Court.  In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).  If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit.

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8) Any other information that the parties believe may assist the Court in advancing

the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least **48 hours** before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court.**  If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Rules and Practices to that party personally.

The Clerk of Court is respectfully directed to terminate ECF Nos. 73 and 75.

Dated: February 1, 2023
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge